UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
RAMON BARE,

      Plaintiff,

  - against -

NEW YORK CITY POLICE DEPARTMENT;
109TH PRECINCT; NEW YORK CITY
POLICE HEADQUARTERS; DETECTIVE
KATHY MARTINEZ, #927618; DETECTIVE
ROBERT SMITH, #932219; and SERGEANT
BILAL ATES, #934429,

      Defendants.
---------------------------------------------------------x

**MEMORANDUM & ORDER**
19-CV-2352 (PKC) (SJB)

PAMELA K. CHEN, United States District Judge:

  Plaintiff Ramon Bare ("Plaintiff"), who is *pro se* and currently detained in the Manhattan Detention Center, brings this action pursuant to 42 U.S.C. § 1983 against Defendants New York City Police Department ("NYPD"), the NYPD's 109th Precinct, New York City Police Headquarters, NYPD Detectives Kathy Martinez and Robert Smith, and NYPD Sergeant Bilal Ates (collectively, "Defendants"). For the reasons set forth below, the complaint against the NYPD, 109th Precinct, and the New York City Police Headquarters is dismissed and the Court grants Plaintiff leave to amend his complaint within thirty (30) days of entry of this Order.

## DISCUSSION

### I. Standard of Review

  A district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a government entity or officer or employee of a government entity." 28 U.S.C. § 1915A(a). "Upon such review, the district court shall dismiss a complaint or any portion thereof that 'is frivolous, malicious, or fails to state a claim upon which relief may be granted' or 'seeks monetary relief

1

from a defendant who is immune from such relief.'" *Harnage v. Lightner*, 916 F.3d 138, 140 (2d Cir. 2019) (quoting § 1915A(b)). Moreover, "notwithstanding any filing fee, or any portion thereof, that may have been paid," the district court "shall dismiss the case at any time if the court determines that the action is frivolous or fails to state a claim on which relief may be granted." *Akassy v. Hardy*, 887 F.3d 91, 97 (2d Cir. 2018) (quotation and alterations omitted); *see* 28 U.S.C. § 1915e(2)(B).

Although courts must read *pro se* complaints with "special solicitude" and interpret them to raise "the strongest arguments that they suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474–76 (2d Cir. 2006) (quotations omitted), even a *pro se* complaint must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

## II. Analysis

Plaintiff's complaint provides as follows.[1] Plaintiff was arrested on June 4, 2018 at 13-39 College Point Boulevard in Queens, New York. (Compl., at 4, 5.) Specifically, Plaintiff was traveling in a vehicle when the vehicle was suddenly "stopped by force" and "New York City Police Officer[s] force[ful]ly grabbed" Plaintiff and threw him to the ground, "assault[ing him] in

---

[1] "At the pleadings stage of a case, the court assumes the truth of 'all well-pleaded, nonconclusory factual allegations' in the complaint.'" *Durant v. N.Y.C. Housing Auth.*, No. 12-CV-937 (NGG) (JMA), 2012 WL 928343, at *1 (E.D.N.Y. Mar. 19, 2012) (quoting *Kiobel v. Royal Dutch Petrol. Co.*, 621 F.3d 111, 123 (2d Cir. 2010)).

2

the process." (*Id.* at 5.) As a result, Plaintiff has endured pain and suffering, loss of financial resources, and loss of "freedom and liberty and property." (*Id.* at 8.) Plaintiff seeks damages as well as release from detention. (*Id.*)

Plaintiff indicates that he is a pretrial detainee and that he is advancing a claim for a violation of his "Civil and Federal Constitutional Right[s]." (*Id.* at 2.) The Court therefore construes Plaintiff's complaint as alleging claims under 42 U.S.C. § 1983. *See Bonyard v. Admin. of Children Servs.*, No. 04-CV-3108 (JG), 2004 WL 2088625, at *1 n.1 (E.D.N.Y. Sept. 14, 2004) (construing *pro se* plaintiff's claim as one brought under § 1983 where plaintiff alleged that defendants "violated his 'Constitutional Rights and [his] Civil Rights'"). Because Plaintiff states that he was falsely arrested and assaulted during the course of his arrest (Compl., at 5), the Court further interprets his complaint as advancing a false arrest claim and an excessive force claim.

A. **Release from Detention as a Remedy Under § 1983**

Plaintiff requests release from detention as a remedy for his claims under § 1983. Regardless of the merits of Plaintiff's claims, the Court is unable to grant such a request. *See McKithen v. Brown*, 481 F.3d 89, 100 (2d Cir. 2007) (describing "an implicit exception to the textual terms of § 1983" providing that "'*habeas corpus* is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release'" (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 481 (1973))). The Court therefore construes Plaintiff's complaint as requesting relief only in the form of damages, and notes that the proper vehicle for Plaintiff to obtain release as a pretrial detainee held in state custody would be through a *habeas* action under 28 U.S.C. § 2241. *See Robinson v. Sposato*, No. 11-CV-191 (SJF), 2012 WL 1965631, at *2 (E.D.N.Y. May 29, 2012) ("Section 2241 is available to state pre-trial detainees challenging their custody as being in violation of the Constitution or federal law.").

### B. Proper Naming of Defendants

Moreover, neither the NYPD nor the New York City Police Headquarters are suable entities in this action. *See Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007) ("The district court correctly noted that the NYPD is a non-suable agency of the City."). These Defendants are therefore dismissed from the case. Additionally, the Court dismisses Plaintiff's complaint against the NYPD's 109th Precinct because "[t]he precinct, as well as the NYPD, lacks independent legal existence." *Atkins-Payne v. N.Y.C. Police Dep't*, No. 17-CV-2985 (ENV) (RML), 2018 WL 4039313, at *3 (E.D.N.Y. Aug. 22, 2018).

### C. Personal Involvement of NYPD Officers

Plaintiff does not currently specify the identities of the NYPD Officers who arrested him, stating only that "New York City Police Officer[s] force[ful]ly grabbed" him and threw him to the ground. (Compl., at 5.) However, "[i]t is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *Farid v. Ellen*, 593 F.3d 233, 249 (2d Cir. 2010) (quotation omitted). Thus, in order to state a claim against Defendants Martinez, Smith, and Ates, Plaintiff must allege that each of them was personally involved in his arrest. *See Case v. City of New York*, 233 F. Supp. 3d 372, 398 (S.D.N.Y. 2017) (dismissing excessive force claim where plaintiff "ha[d] not provided any facts suggesting a plausible basis for [the defendant's] personal involvement in the excessive force"); *Washington v. Kelly*, No. 03-CV-4638 (SAS), 2004 WL 830084, at *3 (S.D.N.Y. Apr. 13, 2004) (dismissing false arrest claim where plaintiff failed to allege that defendant "was personally involved in his arrest").

Therefore, the Court grants Plaintiff leave to amend his complaint, within thirty (30) days of entry of this Order, to allege the personal involvement of Defendants NYPD Detectives Kathy Martinez and Robert Smith and NYPD Sergeant Bilal Ates in his arrest. *See Cuoco v. Moritsugu*,

222 F.3d 99, 112 (2d Cir. 2000) ("A *pro se* complaint is to be read liberally. Certainly the court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." (quotation omitted)).

## CONCLUSION

Accordingly, Plaintiff's 42 U.S.C. § 1983 claims against the NYPD, the NYPD's 109th Precinct, and the New York City Police Headquarters are dismissed for failure to state a claim on which relief may be granted. No summons shall issue as to these Defendants. The Court also strikes Plaintiff's request to be released from custody as a remedy. Finally, the Court grants Plaintiff leave to amend his complaint, within thirty (30) days of entry of this Order, to clarify the personal involvement of Defendants NYPD Detective Kathy Martinez, NYPD Detective Robert Smith, and NYPD Sergeant Bilal Ates in his arrest. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and so *in forma pauperis* status is denied for purposes of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

/s/ Pamela K. Chen
Pamela K. Chen
United States District Judge

Dated: June 28, 2019
      Brooklyn, New York